IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD A. BENION, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION  11-0259-WS-C |
| DEBRA TONEY, et al., | : |
| Defendant(s). | : |

REPORT AND RECOMMENDATION

This action was filed by an Alabama state inmate and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action.  It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

On April 12, 2012, Defendants Debra Toney, Robert Bentley, and Michael Banks filed their Answer (Doc. 17) and Special Report (Doc. 18) and it was determined by the Court that they should be treated as a motion for summary judgment.  It was therefore ordered that those pleadings be treated as a motion for summary judgment and as such were exempted from the requirements of Local Rule 7.2 (Doc. 19).

In order to ensure that this Court had all essential information needed for consideration of the summary judgment motions, the Court on April 30, 2012 (Doc. 19) ordered Plaintiff by June 4, 2012, to inform this Court in writing if Plaintiff desired to continue the litigation of this action.

Plaintiff was advised that failure to respond by June 4, 2012, would be considered by the Court as an abandonment of the prosecution of this case by Plaintiff and this case would be dismissed. Plaintiff was further ordered by June 4, 2012, to inform this Court in writing of any pending requests or motions which Plaintiff had previously filed with this Court and which had not been resolved by the parties or ruled upon by the Court.  Again, Plaintiff was advised that failure to identify pending requests or motions would be considered by the Court as an abandonment of these requests or motions and as such would be denied (see Doc. 19).   To date, the Court's order dated April 30, 2012, has not been returned to the Court, nor has the Plaintiff responded in any other manner to the Court's order.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied, Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses

as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *Blunt v. U. S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988)(unpublished) (affirming district court's dismissal of *pro se* plaintiff's action for failure to prosecute when plaintiff failed to respond to the summary judgment notice or to show cause why the action should not be dismissed).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 18th day of June, 2012.

      s/WILLIAM E. CASSADY
      UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.